```
              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF KANSAS
```

**FELIX BRIGGS,**

                      **Petitioner,**

         **v.**                                        **CASE NO. 06-3295-SAC**

**STATE OF KANSAS,**

                      **Respondent.**


### O R D E R

Before the court is a pro se pleading titled "Defendant's Motion for Discharge," filed by a prisoner confined in the Wyandotte County Jail in Kansas City, Kansas. Having examined petitioner's allegations and the relief being sought, the court liberally construes the pleading as a petition for writ of habeas corpus under 28 U.S.C. § 2241.

Petitioner did not pay the $5.00 district court filing fee in this matter, 28 U.S.C. § 1914, and did not submit a motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915 without prepayment of the district court filing fee. The court grants petitioner additional time to satisfy one of these statutory requirements for proceeding in this matter.

The court also directs petitioner to show cause why the petition should not be dismissed without prejudice.

Although the United States district courts are authorized to grant a writ of habeas corpus to a prisoner "in custody in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2241(c)(3), to the extent petitioner seeks relief from

pending state criminal charges, his recognized federal remedy is through habeas corpus after full exhaustion of state court remedies. *See* Preiser v. Rodriguez, 411 U.S. 475 (1973); Duncan v. Gunter, 15 F.3d 989, 991 (10th Cir. 1994).  In Younger v. Harris, 401 U.S. 37, 43 (1971), the Supreme Court held that federal courts should generally avoid interference with state criminal prosecutions which were begun before initiation of the federal suit.  The Younger abstention doctrine is based on "notions of comity and federalism, which require that federal courts respect state functions and the independent operation of state legal systems." Phelps v. Hamilton, 122 F.3d 885, 889 (10th Cir. 1997).

In the present case, petitioner states he is confined pursuant to state criminal charges, and seeks his release because he has not been brought to trial within the 90 day period provided by the Kansas speedy trial statute, K.S.A. 22-3402(1). Petitioner's state court proceeding, and available appeals if necessary, clearly appear capable of addressing petitioner's federal claims, and petitioner presents no special circumstances to warrant this court's intervention in that state court action.  The court thus finds Younger abstention is appropriate in this matter, and finds no exception to Younger abstention is evident on the face of petitioner's pleadings.[1]  Nor does the court find anything to suggest the State of Kansas would either consent to federal jurisdiction of this matter or stay its prosecution pending a federal court's resolution of petitioner's claims.    *See*

---

[1] *See* Younger, 401 U.S. at 53-54 (limited exceptions to abstention include bad faith or harassment involving irreparable injury and unusual circumstances).

<u>Seneca-Cayuga Tribe of Oklahoma v. State of Oklahoma ex rel. Thompson</u>, 874 F.2d 709, 711 (10th Cir. 1989)(if <u>Younger</u> abstention conditions are met, abstention is mandatory absent extraordinary circumstances).

Accordingly, the court directs petitioner to show cause why the petition should not be dismissed without prejudice pursuant to <u>Younger</u>, and to allow petitioner to pursue available state court remedies on his allegations of error.

IT IS THEREFORE ORDERED that petitioner is granted twenty (20) days to pay the $5.00 district court filing fee, or to submit an executed form motion for filing under 28 U.S.C. § 1915 that is supported by an appropriate financial record.

IT IS FURTHER ORDERED that petitioner is granted twenty (20) days to show cause why the petition should not be dismissed without prejudice for the reasons stated by the court.

The clerk's office is to provide petitioner with a form motion for filing under 28 U.S.C. § 1915.

**IT IS SO ORDERED.**

DATED:  This 24th day of October 2006 at Topeka, Kansas.

                                                 s/ Sam A. Crow
                                                 SAM A. CROW
                                                 U.S. Senior District Judge