IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FELIX BRIGGS,

                Petitioner,

        v.                              CASE NO. 06-3295-SAC

STATE OF KANSAS,

                Respondent.

### O R D E R

Petitioner, a prisoner confined in the Wyandotte County Jail in Kansas City, Kansas, proceeds pro se on a pleading the court has liberally construed as seeking a writ of habeas corpus under 28 U.S.C. § 2241.

By an order dated October 24, 2006, the court directed petitioner to pay the $5.00 district court filing fee required under 28 U.S.C. § 1914, or to submit a motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915 without prepayment of the district court filing fee. When it appeared that petitioner had filed no response,[1] the court dismissed the action without prejudice on November 17, 2006, based upon petitioner's failure to pay the district court filing fee or submit a motion for leave to proceed in forma pauperis.

Before the court is petitioner's motion to reopen his case, and

---

[1] Petitioner submitted a response to the Clerk of the Court in the Kansas City office, but docketing of the pleading was delayed when the pro se pleading was forwarded to the Topeka clerk's office for review and docketing.

motion for leave to proceed without prepayment of the district court filing fee. Having reviewed these pleadings, the court grants petitioner's motion to reinstate this action, and grants petitioner leave to proceed in forma pauperis under 28 U.S.C. § 1915.

In the order entered on October 24, 2006, the court also directed petitioner to show cause why the petition should not be dismissed without prejudice pursuant to Younger v. Harris, 401 U.S. 37, 43 (1971), and to allow petitioner to pursue available state court remedies on his allegations of error. Plaintiff filed no response other than to indicate he lacked legal assistance to prepare a response, and to request a court order that he be granted access to legal materials.

The court finds the petition remains subject to being summarily dismissed without prejudice. If petitioner's state court action is still pending, no special circumstances warrant this court's intervention in that proceeding because the Kansas courts are clearly capable of addressing petitioner's federal speedy trial claims. *See* Younger v. Harris, 401 U.S. 37, 43 (1971)(abstention doctrine). If petitioner's state court action has now resulted in a conviction, petitioner must fully exhaust state court remedies prior to seeking habeas relief in federal court under 28 U.S.C. § 2254. Accordingly, petitioner is directed to show cause why this action should not be dismissed without prejudice. The failure to file a timely response may result in the petition being dismissed without prejudice for the reasons stated herein, and withoutfurther prior notice to petitioner.

IT IS THEREFORE ORDERED that the court grants petitioner's motion to reopen this action.

2

IT IS FURTHER ORDERED that petitioner's motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915 is granted.

IT IS FURTHER ORDERED that petitioner is granted twenty (20) days to show cause why the petition should not be dismissed without prejudice.

**IT IS SO ORDERED.**

DATED:  This 3rd day of July 2007 at Topeka, Kansas.


                                         s/ Sam A. Crow
                                        SAM A. CROW
                                        U.S. Senior District Judge