IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FELIX BRIGGS,**

               **Petitioner,**

     **v.**                                           CASE NO. 06-3295-SAC

**STATE OF KANSAS,**

               **Respondent.**

**O R D E R**

Petitioner, a prisoner confined in the Wyandotte County Jail in Kansas City, Kansas, proceeds pro se on a pleading the court has liberally construed as seeking a writ of habeas corpus under 28 U.S.C. § 2241.

By an order dated July 3, 2007, the court granted petitioner leave to proceed in forma pauperis, and directed petitioner to show cause why the petition should not be dismissed without prejudice pursuant to Younger v. Harris, 401 U.S. 37, 43 (1971), and to allow petitioner to pursue available state court remedies on his allegations of error.

In response, petitioner simply states he would receive no relief in the state courts, and contends his constitutional right to a speedy trial has already been violated. Petitioner asks the court for a hearing and an investigation of this claim.

It is well-settled that claims raised in § 2241 petitions must be exhausted before a federal court will hear them. *See* Montez v. McKinna, 208 F.3d 862, 866 (10th Cir.2000) ("A habeas petitioner is generally required to exhaust state remedies whether his action is

brought under § 2241 or § 2254."). This exhaustion requirement is based upon comity and judicial economy. While the Tenth Circuit has recognized an exception to the exhaustion requirement where futility is shown, that exception is narrow. *See* Wallace v. Cody, 951 F.2d 1170 (10th Cir. 1991)(finding futility where state court decision required showing that prisoner would be eligible for immediate release if good time credits were available); Goodwin v. State of Oklahoma, 923 F.2d 156 (10th Cir. 1991)(finding exhaustion futile where state court had recently issued adverse decision on precise legal question).

The court finds petitioner has not demonstrated any reason to excuse the requirement that petitioner first present his speedy trial claim to the state courts for their full consideration and review. The court thus concludes the petition should be dismissed without prejudice.

IT IS THEREFORE ORDERED that the petition is dismissed without prejudice.

**IT IS SO ORDERED.**

DATED: This 25th day of July 2007 at Topeka, Kansas.

          s/ Sam A. Crow
          SAM A. CROW
          U.S. Senior District Judge